IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HAROLD BRAZEAL, and
ANNA BRAZEAL                                                                PLAINTIFFS

v.                              CASE NO. 12-5201

SCOTT COOPER, M.D. and
ORTHOPAEDIC CLINIC,                                                  JURY TRIAL
LTD., d/b/a, OZARK                                                       DEMANDED
ORTHOPAEDIC AND
SPORTS MEDICINE
CLINIC, LTD., and d/b/a
OZARK ORTHOPAEDICS                                              DEFENDANTS

## COMPLAINT

COME now the Plaintiffs, and for their Complaint against Defendant, Scott Cooper, M.D. (hereinafter, "Cooper"), Orthopaedic Clinic, Ltd., d/b/a, Ozark Orthopaedic and Sports Medicine Clinic, Ltd., and d/b/a Ozark Orthopaedics (hereinafter, "Orthopaedic Clinic"), state and allege as follows:

### I. INTRODUCTION

1. Plaintiff, Harold Brazeal (hereinafter, "Plaintiff") is, and was at all times stated herein, a resident of Pineville, McDonald County, Missouri.

2. Plaintiff, Anna Brazeal, is, and was at all times stated herein, a resident of Pineville, McDonald County, Missouri. Anna Brazeal is the wife of Plaintiff, Harold Brazeal.

3. Defendant, Cooper, is, and was at all times stated herein, a resident of Benton County Arkansas.

4. Defendant, Orthopaedic Clinic, is, and was at all times stated herein, a limited liability company, organized under the laws of the State of Arkansas, listing Tom Patrick Coker,

2502 Hampton Court, Fort Smith AR 72903, as the agent for service of process for said limited liability company.

5. All facts herein complained of occurred in Benton County Arkansas.

6. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Therefore, this Court is a Court of proper jurisdiction. 28 U.S.C. §1332(a)(1).

7. Therefore, this Court is a court of proper venue. 28 U.S.C. §1391(b)(1-2), (c)(1-2).

## II. FACTUAL ALLEGATIONS

8. On, or about, December 20, 2011, Plaintiff presented to Mercy Medical Center in Rogers, Benton County, Arkansas.

9. Said presentation by Plaintiff was for a surgery known as right total knee arthroplasty by Defendant Scott Cooper.

10. Said procedure is also known as "T.N.A.", and also known as "total knee replacement".

11. The Defendant, Cooper, performed said total knee arthroplasty.

12. Said operation requires the usage of surgical instruments called "retractors" to protect the popliteal artery and vein from injury caused by the instruments used to cut the bones.

13. Said operation requires the use of a power tool called a "sagittal saw" to cut away the proximal tibia near the knee joint.

14. During said operation, Defendant, Cooper failed to protect the popliteal artery and vein from injury caused by the sagittal saw.

15. Defendant, Cooper, caused a laceration of both the popliteal artery and the popliteal vein by the sagittal saw.

16. Said failure to protect the popliteal artery and vein from injury caused by the sagittal saw, and the subsequent laceration of both the popliteal artery and vein by the sagittal saw, was from either 1) Inappropriate placement of the retractors referenced in Paragraph 12, above, and/or 2) failure to appreciate when the blade of the sagittal saw had penetrated the posterior, or back, cortex of the proximal tibia, resulting in the saw blade plunging into the space occupied by the popliteal artery and vein.

17. During said operation, the Defendant, Cooper, caused the sagittal saw used to penetrate the popliteal artery and vein of the Plaintiff.

18. On December 21, 2012, while still admitted at Mercy Medical Center, the Plaintiff complained of swelling in his right knee and lower leg.

19. Said swelling was excessive of normal swelling to be expected post a total knee arthroplasty.

20. At said time, the Plaintiff complained of numbness in the anterior aspect of his right leg.

21. Said numbness was excessive of normal numbness to be expected post a total knee arthroplasty.

22. At said time, the Plaintiff complained of stiffness in his right knee and lower leg.

23. Said stiffness was excessive of normal stiffness to be expected post a total knee arthroplasty.

24. At said time and place, Defendant, Cooper, returned to Mercy Medical Center.

25. At said time and place, Defendant, Cooper, ordered a computed tomography

angiography (CTA) of the plaintiff which revealed an injury to the right popliteal artery of the Plaintiff.

26. Defendant, Cooper, then contacted David McCoy, M.D., for assistance.

27. David McCoy then traveled to Mercy Medical Center to assist Defendant, Cooper, in the evaluation of the Plaintiff.

28. On, or about, December 21, 2011, David McCoy, M.D., performed a second surgical operation on the Plaintiff.

29. Said operation included an endoscopic vein harvest, interposition graft to the right popliteal artery, right popliteal artery using reverse saphenous vein graft, popliteal venorraphy, and intraoperative arteriogram.

### III. NEGLIGENCE

30. Defendant, Cooper, was negligent in the surgical treatment of the Plaintiff on December 20, 2011.

31. Said negligence, includes, but is not limited to:

   a. Failure to be aware of potential injury to the popliteal vessels of the Plaintiff during the cutting of the proximal tibia of the Plaintiff;

   b. Failure to detect, whether visually or by tactile sensation, when the tip of the sagittal saw had barely penetrated the posterior cortex of the tibia, but was short of the area occupied by the popliteal artery and vein.

   c. Failure to properly protect the popliteal artery and vein with the retractors used; and,

   d. Failure to properly release the soft tissues to mobilize the proximal tibia of the plaintiff.

## IV. RESPONDEAT SUPERIOR

32. Defendant, Cooper, was, at all times stated herein, acting in the course and scope as the employee and/or agent for Defendant, Orthopaedic Clinic.

33. Defendant Orthopaedic Clinic, is therefore vicariously liable for any negligent acts of Defendant, Cooper, through the doctrine of *respondeat superior*.

## V. DAMAGES

34. Plaintiff has, among other damages, a complex regional pain syndrome and a foot drop as a consequence of a compartment syndrome that developed secondary to lack of blood supply to the right lower leg.

35. The above-described negligence is the direct and proximate cause of the injuries and damages of the Plaintiff.

36. Plaintiff is entitled to recover damages jointly and severally from both defendants in excess of the amount for federal court diversity jurisdiction, for the injuries to the Plaintiff.

37. Said damages include, but are not limited to:

   a) The Nature of the Injury;

   b) The Extent of the Injury;

   c) The Duration of the Injury;

   d) The Permanency of the Injury;

   e) Medical Expenses;

   f) Medical Expenses Reasonably Certain to be Incurred in the Future;

   g) Pain incurred in the Past;

   h) Pain to be Incurred in the Future;

   i) Suffering Incurred in the Past;

j)     Suffering to be Incurred in the Future; and,

k)     Scars, Disfigurement, and Visible Results of the Injury.

38.    Separate Plaintiff, Anna Brazeal, is entitled to recover damages in excess of that required for federal court jurisdiction in diversity of citizenship cases, jointly and severally from both Defendants for the loss of consortium to her caused by the injuries to Harold Brazeal.

WHEREFORE, Plaintiffs pray for judgments against that Defendants, jointly and severally, in an amount that exceeds minimum requirements for personal diversity jurisdiction in Federal Court, and for all other proper relief to which they are entitled.

Respectfully submitted,

By: *[signature]*

Ken Swindle, ABN #97234
SWINDLE LAW FIRM, P.A.
619 W. Persimmon Street
Rogers AR  72756
Telephone:  (479) 621-0120
Facsimile:  (479) 621-0838